# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | I.D.: 2208006276 |
| v. | ) | 2208005380 |
| | ) | |
| AAMIR ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO MODIFY SENTENCE

On August 15, 2025 the Defendant, Aamir Adams, filed a Motion to Modify his sentence under Superior Court Criminal Rule 35. This is the second request that the Defendant has made to modify his sentence. Having considered the Defendant's Motion and this Court's review of the record, it appears to the Court that:

1. On August 21, 2023 Adams was sentenced to the following charges to which he pled guilty: Possession of a Firearm During the Commission of a Felony- 10 years at Level V, suspended after 3 years (which is a minimum mandatory term) for one year at Level III; Reckless Endangering 3 years at Level V suspended after 1 year at Level V; and Attempted Assault Second Degree 8 years at Level V suspended for 2 years at Level 3. All level V time to be served consecutively and all Level III time is to be served concurrently.

2. Defendant, through the instant Motion to Modify his sentence, requests that the Court reduce his Level V time. In support of his petition Defendant cites his remorse, his strong rehabilitation efforts as demonstrated by the number of programs he has completed at level V, a lack of a prior criminal record, and his family and community support.

3. The Court may consider such a request "without presentation, hearing or argument."[1] When considering motions for sentence reduction or modification, this Court addresses any applicable bars before turning to the merits.

4. Rule 35(b) specifically bars repetitive requests for reduction of a sentence. Superior Court Criminal Rule 35(b). On July 26, 2024 this Court denied a request to modify Defendant's sentence which was based on similar grounds. Defendant's motion is barred as repetitive.

5. Even if not barred the motion is without merit. Superior Court Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[2] Adams application is well past the 90 days. An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his own motion must demonstrate

---

[1] Superior Court Criminal Rule 35.
[2] Super. Ct. Crim. R. 35(b).

"extraordinary circumstances."[3] A heavy burden is placed on the inmate to establish "extraordinary circumstances in order to uphold the finality of sentences."[4]

6. The term "extraordinary circumstance" is generally defined as "a highly unusual set of facts that are not commonly associated with a particular thing or event."[5] For purposes of Rule 35(b), "extraordinary circumstances have been found only when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent."[6] In short, Rule 35(b) is a rule limited to reconsideration of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmates individual circumstances that presents an urgent need for revision of the sentence terms."[7]

7. The first three years of Defendant's sentence constitute a minimum mandatory term and as such this court is without the authority to reduce any level V time that constitutes a minimum mandatory term. As to the 4th year of his Level V time the Court does have the discretion to reduce that time if an extraordinary circumstance exists. The Court finds no such extraordinary circumstance to exist in the present case.

---

[3] *Armon R. Sample v. State*, 2012 WL 193761 (Del. Jan 23, 2012).
[4] *State v. Daniel Diaz*, 2015 WL 1741768 (Del. Apr 15, 2015).
[5] *State v. Daniel Diaz,* 2015 WL 1741768 (Del. Apr 15, 2015).
[6] *State v. Damien Thomas*, 220 A3d 257, 262 (Del. Super. Ct. 2019).
[7] *State v. Michael J. Lindsey*, 2020 WL 4088015 (Del. Super., July 17, 2020).

8. The Court has had occasion to review this entire matter. Given the nature of the crimes for which he is incarcerated, it is this Court's view that Defendant's sentences are appropriate for all the reasons stated at the time of his original sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of Defendant's sentence.

Accordingly, the Court will exercise its discretion under Rule 35(b) and **DENY** Mr. Adams request to reduce his Level V time.

**IT IS SO ORDERED** this 19th day of August, 2025

.

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc:     Original to the Prothonotary
        Mr. Aamir Adams, HRYCI, SBI No.: 00966986
        William H. Leonard, Deputy Attorney General